UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REGINA A.,[1] | Case No. 2:18-cv-04064-JDE |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Regina A. ("Plaintiff") filed a Complaint on May 15, 2018 seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On January 3, 2019, the parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

## BACKGROUND

Plaintiff filed an application for DIB on January 29, 2014 and an application for SSI on October 21, 2015, both alleging disability commencing on June 30, 2012. Administrative Record ("AR") 170-71, 172-77. After her applications were denied initially and on reconsideration (AR 92-96, 99-103, 121-22), Plaintiff requested an administrative hearing (AR 124-25), which was held on February 22, 2017. AR 31-59. Plaintiff, represented by an attorney, appeared and testified before an Administrative Law Judge ("ALJ").

On March 10, 2017, the ALJ issued a written decision finding Plaintiff was not disabled. AR 12-27. The ALJ found Plaintiff had not engaged in substantial gainful employment since June 30, 2012 and suffered from the severe impairments of carpal tunnel syndrome, asthma, sciatica, obesity, cardiomegaly, leg edema, degenerative disc disease, hypertension, and degenerative joint disease. AR 17. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. AR 19. The ALJ also found Plaintiff had the residual functional capacity ("RFC") to perform the demands of light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with the following limitations: "no more than occasional postural activities; no more than frequent bilateral handling and fingering; must avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation, and pulmonary irritants; and must avoid unprotected heights, moving mechanical parts, and other similar workplace hazards." AR 20.

The ALJ determined Plaintiff could perform her past relevant work as a teacher's aide. AR 22. Accordingly, the ALJ concluded Plaintiff was not under a "disability," as defined in the Social Security Act, from June 30, 2012 through the date of the ALJ's decision. AR 22.

On March 14, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6.

## II.

## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p.

After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform his past relevant work, either as he "actually" performed it when he worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform his past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir.

4

1999). If the claimant can do other work, he is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show he is disabled, or he meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show he is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.

## DISCUSSION

The parties present one disputed issue: Did the ALJ did not properly evaluate Plaintiff's testimony. Jt. Stip. at 4.

### A. **Applicable Law**

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 416.929. The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). Furthermore, a "lack of medical evidence cannot form the sole basis for discounting pain testimony."

Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. See Rollins, 261 F.3d at 857. Finally, the ALJ's credibility finding may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. See Batson v. Comm'r Soc. Sec. Admin, 359 F.3d 1190, 1197 (9th Cir. 2004).

**B. Analysis**

Here, Plaintiff testified she has been unable to work based on her medical impairments such as sleep apnea; sciatic nerve damage; high blood pressure; asthma; diabetes; joint pain in the fingers, legs, and feet; and depression. AR 40-45. In terms of functioning, Plaintiff estimated she could stand about seven to eight minutes. AR 41. She reported difficulty with prolonged sitting and could walk as far as "down the street" or about twenty steps before needing to pause. AR 41, 47. Plaintiff testified her legs swell and must be elevated. AR 53-54. Her doctor advised her to keep her legs elevated above chest level, but she reported difficulty breathing in that position. AR 54.

Plaintiff also testified she is sensitive to dust and scents. AR 43. She reported becoming easily fatigued due to poor sleep and she falls asleep during the day when sitting. AR 46. She described pain in her hands and difficulty writing. AR 51. Plaintiff asserted she tries to perform household chores, but "a lot of times," she gets help from others. AR 52. In a function report, Plaintiff also estimated she can only lift two to three pounds. AR 210.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but his statements "concerning the intensity, persistence[,] and limiting effect of these symptoms [were] not entirely consistent with the medical evidence and other

evidence." AR 20. The ALJ stated that the findings of a non-examining physician, Sohail Afra, M.D., "did not support the degree of limitation [Plaintiff] alleges; nor do they suggest the presence of any impairment that is more limiting that is more than found in this decision." The ALJ reasoned that "also inconsistent with [Plaintiff's] allegations in this case, and fully consistent with the [RFC] found in this decision is the medical opinion of record. It is emphasized that no treating doctor has indicated [Plaintiff] is disabled or even that she is more limited than found in this decision." AR 21.

Plaintiff contends the ALJ erred in rejecting her testimony by relying solely on lack of support from the objective medical evidence. Jt. Stip. at 7. In opposition, the Commissioner argues the ALJ's decision did not solely rely on lack of support from the objective medical evidence because the ALJ also considered: (1) Plaintiff's history of smoking despite her asthma and (2) the report of Kent Jordan, M.D. ("Dr. Jordan"), that Plaintiff embellished or fabricated psychotic symptoms. Jt. Stip. at 11.

The Court finds the ALJ erred by using lack of support from the objective medical evidence as the only stated basis to discount Plaintiff's subjective symptom testimony. See Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

First, the Commissioner argues the ALJ did not solely rely on the objective medical evidence because the ALJ "considered" Plaintiff's history of smoking despite her asthma. Jt. Stip. at 11. However, the ALJ did not raise this basis to support the discounting of Plaintiff's subjective testimony. Instead, the ALJ mentioned Plaintiff's smoking in the decision once, summarizing, "[Plaintiff] also has a long history of smoking with residual asthma, for which she has an inhaler and a nebulizer at home." AR 21. The Court cannot consider reasoning for discounting Plaintiff's subjective symptoms that the ALJ never gave. See Bray v. Comm'r of Soc. Sec., 554 F.3d 1219, 1225 (9th

7

Cir. 2009) ("long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking"); see also SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). Moreover, even if the ALJ had discounted Plaintiff's testimony based on continued smoking, "it is unclear whether a failure to stop smoking can ever form the basis for an adverse credibility finding." Steiger v. Colvin, 2013 WL 1010453, at *3 (C.D. Cal. Mar. 13, 2013) (citing Bray, 554 F.3d at 1227).

Second, the Commissioner argues the ALJ also "considered" Dr. Jordan's report that Plaintiff embellished or fabricated psychotic symptoms. Jt. Stip. at 11. However, the ALJ did not raise the fabrication issue to discount Plaintiff's subjective testimony; rather, the ALJ considered Dr. Jordan's report in determining whether Plaintiff had a severe mental impairment at Step Two. AR 18. Further, nothing in the record suggests Plaintiff embellished any physical symptoms. As set forth above, the Court cannot consider reasoning for discounting Plaintiff's subjective symptoms that the ALJ never gave. See Bray, 554 F.3d at 1225.

In sum, as inconsistency with the objective medical evidence cannot be the only basis to discount Plaintiff's subjective symptom testimony, the ALJ erred. See Burch, 400 F.3d at 681; Rollins, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

**C.** **Remand is appropriate.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d

at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").

Here, remand is required because the ALJ failed to properly consider Plaintiff's subjective symptom testimony. On remand, the ALJ shall reconsider Plaintiff's subjective complaints and either credit her testimony or provide sufficient, clear and convincing reasons supported by substantial evidence for rejecting it, and thereafter conduct such further proceedings as is warranted by such reconsideration.

## IV.

## ORDER

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: February 21, 2019

_____
JOHN D. EARLY
United States Magistrate Judge